UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN HARVEY, | : CIVIL ACTION NO. 3:CV-17-0549 |
| Plaintiff | : (Judge Nealon) |
| v. | : |
| JEFFREY HASTE, et al., | : |
| Defendants | : |

## **ORDER**

**AND NOW, THIS 10th DAY OF APRIL, 2018,** upon consideration of Defendants' motion to dismiss Plaintiff's complaint for failing to state a claim, pursuant to Fed.R.Civ.P. 12(b)(c), claiming that Plaintiff's instant complaint fails to plead facts that plausibly show why he is entitled to relief, (Doc. 8) and Plaintiff's brief in opposition, in which Plaintiff requests leave to amend his complaint, and it appearing that Plaintiff has not had an opportunity to amend his complaint, and leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance

of the amendment, futility of amendment[1], etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir.2000), **IT IS HEREBY ORDERED THAT:**

1. Defendants' pending motion to dismiss (Doc. 7) pursuant to Federal Rule of Civil Procedure 12(b)(6) is **DISMISSED** as moot.

2. Plaintiff's request to file an amended complaint (Doc. 12) is **GRANTED**.

3. The Plaintiff is directed to file his amended complaint on, or before, **May 9, 2018**.

4. The Plaintiff is reminded that an amended complaint should "be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

5. The Clerk of Court is directed to supply Plaintiff with two (2) copies of this Court's form order for filing an action pursuant to 42 U.S.C. §1983.

6. The amended complaint shall be filed on this Court's form complaint.

---

[1] Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J.1990).

7. The amended complaint shall be complete, in and of itself, without reference to any prior filings.

8. The Plaintiff's amended complaint shall include any and all Defendants whom the Plaintiff wishes to name in this action.

9. The Plaintiff's amended complaint must specifically state which constitutional right he alleges the Defendant(s) have violated.

10. In accordance with Fed.R.Civ.P. 8(a), the Plaintiff's amended complaint shall set forth a short and plain statement of the grounds upon which the court's jurisdiction depends.

11. In accordance with Fed.R.Civ.P. 10(b), the Plaintiff's amended complaint shall be divided into separate numbered paragraphs, the contents of each of which shall be limited, as far as practicable, to a statement of a single set of circumstances.

12. In accordance with Fed.R.Civ.P. 8(d), each averment of the Plaintiff's complaint shall be simple, concise and direct.

13. The Plaintiff's amended complaint shall contain a short and plain statement of the claim for relief and a demand for a specific judgment.

14. Failure to file an amended petition will result in the dismissal of this action for failure to prosecute. See Federal Rule of Civil Procedure 41(b).

    /s/ William J. Nealon
United States District Judge